# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. FOLLIS and<br>GEORGIA K. FOLLIS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MINNESOTA, Human<br>Services Department and Military Service<br>Department; MORRISON COUNTY,<br>Human Services Department; and TODD<br>COUNTY, Human Services Department,<br><br>Defendants. | Civil No. 08-1348 (JRT/RLE)<br><br><br><br>**ORDER ON REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Robert L. Follis and Georgia K. Follis, 220 First Avenue South, Long Prairie, MN 56347, plaintiffs *pro se*.

Daniel S. Goldberg and Donald J. Mueting, Assistant Attorneys General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 900, 445 Minnesota Street, St. Paul, MN 55101, for defendant State of Minnesota.

James R. Andreen, **ERSTAD & RIEMER, PA**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425-4409, for defendants Morrison County and Todd County.

This matter is before the Court on plaintiffs Robert L. Follis and Georgia K. Follis's objections to a Report and Recommendation issued by United States Magistrate Judge Raymond L. Erickson on June 30, 2008. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), the Court modifies the Report and Recommendation as set forth below.

## BACKGROUND

In 2002, plaintiff Robert L. Follis entered into a contract for deed with the State of Minnesota to purchase property in Long Prairie, Minnesota. The property had previously been used by the Minnesota Army National Guard, and is referred to in the Follis's motion as the "old armory." Follis resided in the old armory with his wife, plaintiff Georgia K. Follis, and their son Kenneth. Kenneth Follis is a disabled adult.

While the parties do not address the terms of the contract for deed, a Minnesota Court of Appeals case involving the same parties indicates that "[t]he contract required Follis to make a down payment of $5,000 and to pay the remaining balance in five annual payments of $8,900 plus interest." *Follis v. State*, No. A06-1839, 2007 WL 4303493, at *1 (Minn. Ct. App. Dec. 11, 2007). The parties agree that Follis fell into default on these payments. On March 22, 2006, the state served Follis with a notice of cancellation, indicating its intent to terminate the contract for deed. The notice indicated that Follis had sixty days to either pay his outstanding obligations or secure an injunction suspending the termination. *Id*; *see* Minn. Stat. § 559.21, subd. 2a.

On May 22, 2006, Follis filed a petition in state court to enjoin the termination proceedings. *Id*. Follis also filed a copy of a letter he had sent to Todd County social services, alleging that he was entitled to personal care assistant ("PCA") payments for taking care of his son but had never received them. *Id*. Follis indicated that he would have used these benefits to make payments on the contract for deed. *Id*. at *2. The state district court denied Follis's petition on two grounds. First, the court indicated that it

lacked authority to issue an injunction after a contract for deed had been terminated, and that the contract for deed had formally terminated sixty days after the notice of cancellation. *Id*. at *1. Second, the court concluded that it could not rely on Follis's medical-assistance claim as a basis for issuing an injunction, because it "neither arises out of nor relates to the contract for deed." *Id*.; *see* Minn. Stat. § 559.211, subd. 1. After Follis appealed this decision, the Minnesota Court of Appeals affirmed the district court, agreeing that Follis's medical-assistance claim was not a basis for stopping the termination of the unrelated contract for deed. *Id*. at *2. Follis did not appeal this decision to the Minnesota Supreme Court.

In the meantime, upon receiving Follis's May 22 letter, Todd County Social Services considered whether Follis was entitled to PCA benefits for the care of his son. (*See* Goldberg Aff. Ex. 1.) On May 31, 2006, Todd County denied Follis's request. (*See id*. at ¶5.) Follis appealed this decision to the Minnesota Department of Human Services ("MDHS"), arguing that he became eligible for PCA benefits following a 2001 change in Minnesota law, and that Todd County and MDHS should have notified him of this change. (*See id*. at ¶6.) Following a hearing, MDHS denied this appeal. (*See id*.) Follis then appealed MDHS's decision in state district court, pursuant to Minn. Stat. § 256.045, subd. 7. (*See id*.) On March 20, 2007, the district court affirmed MDHS's decision, finding no evidence that Todd County or MDHS intentionally failed to apprise Follis of any right to PCA benefits, and that Follis had not filed any application for such benefits within the relevant time period. (*See id*.) The court also noted that Follis had "voluntarily accepted and received state funds for the care of his son in the approximate

sum of $177,000 for each year in question," and was employed at all times from 2002-2006. (*Id*. at ¶¶11-12.) Follis did not appeal this order.

The State of Minnesota brought an eviction action against Follis in early 2008. On February 21, 2008, a state district court entered a judgment of eviction effective March 6, 2008, noting that the contract for deed had been canceled and that there were no pending legal challenges to the eviction. (Docket No. 14 Ex. 4.) Follis appealed this judgment to the Minnesota Court of Appeals, and that appeal was denied as untimely on May 13, 2008. (Docket No. 14 Ex. 5.)

On May 16, 2008, the Follises filed this *pro se* action in federal district court, bringing claims under 42 U.S.C. §§ 1981 and 1983 against the Human Services Department and Military Affairs Department of the State of Minnesota, and the Human Services Departments of Todd County and Morrison County (collectively, "defendants"). The Follises allege that the defendants violated Robert L. Follis's civil rights by failing to grant him benefits for attending to his disabled son. The Follises contend that the defendants were aware that he was entitled to these benefits, and that their failure to apprise him of this right led to the default on the contract for deed.

Since bringing this action, the Follises have filed a motion for a permanent injunction and a motion for a temporary restraining order seeking to prevent the State of Minnesota from evicting them from the old armory. The Magistrate Judge held a hearing on those motions on June 27, 2008, and issued a Report and Recommendation recommending that both motions be denied. The Magistrate Judge concluded that the Follis's challenge to their eviction is barred by the doctrine of res judicata, in light of the

two earlier eviction actions, and that the Follises are therefore unable to demonstrate a likelihood of success on the merits. Accordingly, the Magistrate Judge recommended denying the Follises temporary injunctive relief. The Court has now received objections to that conclusion from the Follises and a response to those objections from the defendants, and reviews the Magistrate Judge's recommendation *de novo* below.

## ANALYSIS

I.  **STANDARD OF REVIEW**

In determining whether a party is entitled to preliminary injunctive relief, the Court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The Eighth Circuit has recently clarified the third prong of this test, noting that "where a preliminary injunction is sought to enjoin . . . [a] government action based on presumptively reasoned democratic processes" (e.g. a state or federal statute), "courts must make a threshold finding that a party is likely to prevail on the merits." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732-33 (8th Cir. 2008). In circumstances that do not fall under this category, such as those at issue here, courts should assess whether the plaintiff has a mere "fair chance of prevailing." *Id*. at 732. "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the

burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d. ed. 1995)).

## II. FAIR CHANCE OF SUCCESS ON THE MERITS

### A. Res Judicata

"It is now well settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Moreover, "[p]rior state adjudications are given preclusive effect even in later federal § 1983 actions." *Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996).

Under Minnesota law, "[r]es judicata precludes parties from raising subsequent claims in a second action when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quotation omitted). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Id*.

Here, the Magistrate Judge concluded that the two earlier eviction actions described above involved identical factual circumstances to the injunction request at issue

here; involved the same parties or their privities[1]; led to a final judgment on the merits (twice); and afforded the Follises a full and fair opportunity to litigate those actions. Accordingly, the Magistrate Judge concluded that a renewed challenge to the Follis's eviction was barred by res judicata. Because no other factors relevant to a motion for a preliminary injunctive relief favored an injunction, the Magistrate Judge recommended denying the Follis's motions.

The Follises have now filed a set of page-by-page objections to the Report and Recommendation. Nowhere in those objections, however, have the Follises identified a route for successfully avoiding the doctrine of res judicata. The Follises contend that the reason they lost the initial eviction action filed on May 22, 2006, was a timeliness issue, and that the link between their eviction and their request for PCA benefits has never been addressed. However, in ruling on that action, the Minnesota Court of Appeals squarely determined that the benefit issue was not an adequate basis to enjoin the Follises eviction under Minnesota law. *Follis*, 2007 WL 4303493, at *2; *see* Minn. Stat. § 559.211, subd. 1. Indeed, in light of that conclusion the court declined to even address the

---

[1] The Magistrate Judge observed that the parties in the state and federal actions are not identical, because the federal action includes Robert L. Follis's wife, Georgia K. Follis. The Magistrate Judge noted, however, that Georgia either (1) signed the original contract for deed, and therefore was in privity with the interests at issue in the state actions, or (2) did not sign the contract for deed, and thus had no basis for contesting the eviction. In either case, the Magistrate Judge noted, Georgia's presence would not prevent the application of the res judicata doctrine. The Follis's have not objected to this conclusion.

timeliness issue.  *Follis*, 2007 WL 4303493, at *2.[2]  Moreover, the Follises acknowledge that while they intend to pursue slightly different claims in their federal action from those raised in their state action, "[t]he same facts will be used."  (Objections at 5.)  This concession further supports the application of the test for res judicata articulated above.  *See Brown-Wilbert, Inc.*, 732 N.W.2d at 220 (noting that the first prong of the res judicata test is that the "earlier claim involved the same set of factual circumstances").

In those circumstances, the Court agrees that at this stage of the proceedings, the Follises have failed to demonstrate a fair chance of succeeding on the merits.  In light of the significant obstacles to demonstrating that fair chance, the Court finds that the remaining factors relevant to motions for temporary restraining orders could not tip the balance of the equities in favor of an injunction.  *Cf. Rounds*, 530 F.3d at 738 n.11.  Accordingly, the Follis's objections are overruled and the Report and Recommendation of the Magistrate Judge is affirmed.[3]

---

[2] The Court also notes that while the Follis's federal action advances a new legal theory for why Robert L. Follis should have been awarded PCA benefits, this does not address the core problem outlined by the Minnesota Court of Appeals.  The difficulty identified there was not that the Follises had failed to demonstrate they were entitled to benefits; it was that a right to benefits did not provide a basis for forestalling the cancellation of a contract for deed under Minnesota law.

[3] The Court emphasizes that this ruling does not necessarily preclude the Follises from continuing to pursue this action and arguing that they should have been awarded PCA benefits.  While the previous litigation of that issue outlined above suggests that it may also be impacted by the doctrine of res judicata, that issue was not addressed by the Magistrate Judge and is unnecessary to consider here.

The Court also notes that even though one of the Follis's motions was styled as a motion for a permanent injunction – rather than a motion for temporary or preliminary relief – this Court's denial of that motion does not bar the Follis's from seeking injunctive relief at a later

(Footnote continued on next page.)

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Follis's objections [Docket No. 18] are **OVERRULED**. The Court **MODIFIES** the Report and Recommendation of the Magistrate Judge dated June 30, 2008 [Docket No. 16] as follows:

1. Plaintiffs' Motion for Emergency Restraining Order [Docket No. 9] is **DENIED**.

2. Plaintiffs' Motion for a Permanent Injunction [Docket No. 2] is **DENIED WITHOUT PREJUDICE**.

DATED: September 4, 2008       ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                      United States District Judge

---

(Footnote continued.)

time. Rulings on requests for temporary or preliminary relief do not conclusively resolve the claims at issue, *see Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999), and it would be inappropriate to treat the Follis's motion differently merely because it was inartfully labeled by *pro se* litigants. *Cf. White v. Kautzky*, 494 F.3d 677, 680 n.1 (8th Cir. 2007) (noting that *pro se* complaints are construed liberally). Accordingly, the Court has modified the Magistrate Judge's Report and Recommendation to clarify that the denial of the Follis's motion for a permanent injunction is without prejudice.