UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert L. Follis and Georgia K.
Follis,

                Plaintiffs,

   vs.

State of Minnesota Attorney
General, Human Services
Department, and Military
Affairs Department, Morrison
County Human Services
Department, and Todd County
Human Services Department,

                Defendants.             Civ. No. 08-1348 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion to Stay these proceedings pending completion of their current appeal to the United States Court of Appeals for the Eighth

Circuit. See, Docket No. 38. Deeming oral argument unnecessary, and for reasons which follow, we conclude that a Stay should be granted.

By way of brief background, in their Complaint, and Amended Complaint, the Plaintiffs allege two causes of action. The first cause of action is directed to the "Human Services" Defendants, and pertains to Minnesota's program for the paying of benefits to Personal Care Assistants ("PCAs"), who attend to the needs of a disabled adult child. See generally, Minnesota Statutes Section 256B.0625, Subdivision 19. The Plaintiffs allege that Follis qualified for those benefits, owing to his care of his disabled adult son, and that, assertedly, the Human Services Defendants had an obligation to apply for those benefits on Follis' behalf, but failed to do so. The Plaintiffs allege that they are aware of others, who allegedly are similarly situated, and who have received those payments. Accordingly, the Plaintiffs assert a constitutional claim under Title 42 U.S.C. §§1981 and 1983.

Additionally, the Plaintiffs assert a second cause of action, which is based upon the cancellation of a contract for deed on their personal residence, in Long Prairie, Minnesota, which formerly was a National Guard Armory, and subsequent efforts to evict the Plaintiffs from that residence. Apparently, the Plaintiffs entered the contract for deed with the Defendant Minnesota Department of Military Affairs ("MDMA").

After the Plaintiffs failed to make any payments on the contract for deed, the MDMA commenced cancellation proceedings against the Plaintiffs in the Minnesota District Court for Todd County. The Plaintiffs unsuccessfully attempted to enjoin the termination of their contract for deed, through a State Court action. See, <u>Follis v. State of Minnesota</u>, 2007 WL 4303493 at *2 (Minn.App., December 11, 2007). The Plaintiffs also unsuccessfully opposed the MDMA's later State Court eviction action. See, <u>Docket No. 14</u>. In their current Complaint, and Amended Complaint, the Plaintiffs argue that they would have been able to honor their obligations, under the contract for deed, had they received the PCA benefit payments which, they assert, were improperly denied to them by the Human Services Defendants.

Accordingly, following their unsuccessful State Court appeals, the Plaintiffs received notice that, on June 25, 2008, the MDMA would serve them with the Writ of Recovery, in order to evict the Plaintiffs from their personal residence. See, <u>Docket No. 15</u>, at p. 2. The Plaintiffs then commenced this action, and filed a Motion for a Temporary Restraining Order ("TRO"), and a Motion for a Permanent Injunction, in which they sought to enjoin their imminent removal from their residence. See, <u>Docket Nos. 2, 9</u>.

By Order dated September 4, 2008, following our Report and Recommendation, see, Docket No. 16, the District Court, the Honorable John R. Tunheim presiding, denied the Plaintiffs' Motion for a TRO, and further denied the Plaintiffs' Motion for a Permanent Injunction. See, Order, Docket No. 30. In reaching its conclusion, the District Court found that the Plaintiffs had failed to demonstrate a fair chance of success on the merits, given that their current claims appear to be barred by the doctrine of res judicata. Id. at p. 8.

Thereafter, the Defendants filed Motions to Dismiss the Plaintiffs' Complaint based, in part, upon the doctrine of res judicata. See, Docket Nos. 19, 26. However, on October 6, 2008, the Plaintiffs filed a Notice of Appeal, in which they notified the Court of their intention to appeal the denial of their Motion for a TRO, and their Motion for a Permanent Injunction, to our Court of Appeals. See, Docket No. 36. On the same date, the Plaintiffs filed a Motion for a Stay, in which they request that we stay this action, pending the resolution of their appeal. See, Docket No. 38; see also, Title 28 U.S.C. §1292(a)(1)("[T]he courts of appeals shall have jurisdiction of appeals from * * * [i]nterlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions[.]").

A. <u>Standard of Review</u>. "Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." <u>State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1106 (8th Cir.1999), cert. denied, 527 U.S. 1039 (1999), citing <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982), and <u>Liddell v. Board of Educ.</u>, 73 F.3d 819, 822 (8th Cir. 1996). As our Court of Appeals went on to explain:

> For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed. See 20 Moore's Federal Practice §303.32[2][a] [ii] & n. 15. This jurisdictional principle is not absolute. To prevent parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with this case when one party appeals a non-appealable order. Id. at §303.32[2][b][iv][B] & cases cited. However, appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction or remand for further clarification of that issue.

<u>Id.</u> at 1106-07, citing <u>Johnson v. Hay</u>, 931 F.2d 456, 459 n. 2 (8th Cir. 1991); <u>Knutson v. AG Processing, Inc.</u>, 302 F. Supp.2d 1023, 1030 (N.D. Iowa 2004)("So complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequently to the filing of the notice of appeal."), quoting 16A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §3949.1 (3rd ed. 1999).

As noted, "[t]he jurisdictional transfer principle is not absolute," as the "principle does not divest the district court of all jurisdiction -- but rather, only jurisdiction over the matters appealed." Knutson v. AG Processing, Inc., supra at 1031, citing Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). In addition, "[t]he district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal." Id., citing Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996).

  B. Legal Analysis. As noted, the Defendants now seek the dismissal of the Plaintiffs' Complaint, in part, based upon the doctrine of res judicata.[1] See, Docket Nos. 27, 31. Accordingly, in addressing the Defendants' pending Motions to Dismiss, the Court will necessarily confront its prior ruling on the Plaintiffs' Motion for a TRO, and Motion for a Permanent Injunction, which remain on appeal before the Eighth Circuit Court of Appeals.

  Given these circumstances, we conclude that the better exercise of discretion is to "stay our hand" until the Court of Appeals considers, and resolves, the Plaintiffs'

---

[1]The Defendants also assert the Rooker-Feldman Doctrine, Eleventh Amendment immunity, statutory immunity, official immunity, and the statute of limitations, as alternative bases for dismissal, as well as the Plaintiffs' alleged failure to state a claim. See, Docket Nos. 27, 31.

pending appeal. See, <u>State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, supra at 1106 ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal."); <u>Knutson v. AG Processing, Inc.</u>, supra at 1030 ("So complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequently to the filing of the notice of appeal."). We find no basis to conclude that the Plaintiffs' appeal is frivolous, or otherwise intended to interrupt these proceedings, and we find that a modest stay, at this juncture, will not prejudice the interests of any party. Accordingly, we recommend that the Plaintiffs' Motion to Stay pending the completion of their appeal to the Court of Appeals for the Eighth Circuit be granted, and we continue the Hearing on the Defendants' dispositive Motions until the District Court rules upon our Recommendation with respect to the Stay, and thereafter, depending upon the District Court's ruling, the Hearing will either be rescheduled, or continued until the Court of Appeals rules on the Plaintiffs' appeal.

     NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiffs' Motion for a Stay of District Court Proceedings [Docket No. 38] be granted until such time as the United States Court of Appeals for the Eighth Circuit rules on the Plaintiffs' pending appeal.

Dated:  November 17, 2008                s/Raymond L. Erickson
                                                                Raymond L. Erickson
                                                                CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 8, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than December 8, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.