# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. FOLLIS and<br>GEORGIA K. FOLLIS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MINNESOTA, Human<br>Services Department and Military Service<br>Department; MORRISON COUNTY,<br>Human Services Department; and TODD<br>COUNTY, Human Services Department,<br><br>Defendants. | Civil No. 08-1348 (JRT/RLE)<br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Robert L. Follis and Georgia K. Follis, 220 First Avenue South, Long Prairie, MN 56347, plaintiffs *pro se*.

Robin C. Vue-Benson, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 900, 445 Minnesota Street, St. Paul, MN 55101-2127, for defendant State of Minnesota.

James R. Andreen, **ERSTAD & RIEMER, PA**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425-4409, for defendants Morrison County and Todd County.

This matter is before the Court on the objections of Plaintiffs Robert L. Follis and Georgia K. Follis ("the Follises") to a Report and Recommendation issued by United States Magistrate Judge Raymond L. Erickson on August 4, 2009. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1); D. Minn. Local Rule 72.2(b), the

Court overrules the objections and adopts the Report and Recommendation for the reasons set forth below.

## BACKGROUND[1]

On May 16, 2008, the Follises filed suit in the United States District Court for the District of Minnesota against the Human Services Department and the Military Affairs Department of the State of Minnesota (the "State Defendants"), and Morrison and Todd Counties. (Docket No. 1.) The same day, they filed a motion for permanent injunction. (Docket No. 2.) On June 25, 2008, the Follises filed a motion for an "emergency restraining order," (Docket No. 9), which the Court characterized as a motion for a temporary restraining order. (Docket No. 11.) The Follises filed these motions in an effort to prevent their eviction from a building known as "the old armory" in Long Prairie, Minnesota. (*See* Docket No. 30 at 4.) On September 4, 2008, this Court issued an Order denying the motions. (Docket No. 30.)

On August 12, 2008, Morrison and Todd Counties filed a motion to dismiss, (Docket No. 19), and on September 2, 2008, the State Defendants filed a motion to dismiss, (Docket No. 26).

On October 6, 2008, the Follises filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. (Docket No. 36.) They took their appeal from the

---

[1] The factual and procedural record of this case is detailed in the Magistrate Judge's current and previous Reports and Recommendations (Docket Nos. 16, 47, 55) and in this Court's September 4, 2008, Order, (Docket No. 30). The Court here repeats only those details relevant to consideration of the Follises' objections currently before the Court.

September 4, 2008, Order denying the motion for permanent injunction and the motion for a temporary restraining order. Also on October 6, 2008, the Follises filed a motion to stay the proceedings in this Court pending resolution of the appeal. (Docket No. 38.) On November 17, 2008, the Magistrate Judge issued a Report and Recommendation that the stay be granted. (Docket No. 47.) On December 29, 2008, this Court issued an Order adopting the Report and Recommendation, granting the Follises' motion for stay of the District Court proceedings "until such time as the United States Court of Appeals for the Eighth Circuit rules on the Plaintiffs' pending appeal" (the "Stay Order"). (Docket No. 49.)

In a per curiam opinion filed on June 24, 2009, the Eighth Circuit affirmed this Court's denial of injunctive relief. (Docket No. 52.) On August 4, 2009, the Magistrate Judge issued a Report and Recommendation that the December 29, 2008, Stay be lifted. (Docket No. 55.) On August 21, 2009, the Follises filed objections to the Report and Recommendation, raising two arguments. (Docket No. 56.) First, they argued that they had filed a petition for panel rehearing with the Eighth Circuit, and therefore their appeal was still "viable until the review is decided." (*Id.* at 1.) Second, they argued that the Minnesota Department of Military Affairs, the Minnesota Attorney General, and a state court judge had acted unlawfully by forcibly removing the Follises from their residence. (*Id.* at 2, 4-5.) Specifically, they argued that their removal violated this Court's Stay Order and also violated the Follises' rights to due process. (*Id.* at 4-5.)

Morrison and Todd Counties filed a memorandum in support of the Report and Recommendation. (Docket No. 57.) The State Defendants filed a memorandum stating

that they do not object to the Report and Recommendation, and requesting that if the stay is lifted, the Court issue a scheduling order for briefing on the motions to dismiss, which were pending before the Magistrate Judge when this Court issued the Stay Order. (Docket No. 58.)

On September 10, 2009, the Eighth Circuit issued an order denying the petition for rehearing, (Docket No. 60), and on September 17, 2009, the Eighth Circuit issued its formal mandate in the appeal, (Docket No. 61).

## ANALYSIS

### I.  STANDARD OF REVIEW

"The court has the inherent power to stay proceedings pending appeal." *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 927 F. Supp. 348, 351 (D. Minn. 1996). The decision to lift a stay of district court proceedings is committed to the discretion of the court issuing the stay in the first instance. *See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 489 n.6 (8th Cir. 1990); *see also Stearns v. NCR Corp.*, No. 98-2348, 2000 WL 34423090, at *2 n.1 (D. Minn. Oct. 11, 2000) (noting the distinction between "the standards governing stays of district court **orders** pending appeal" and standards governing "the stay of **proceedings**" (emphasis in original)).

### II.  THE U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT HAS ISSUED A FINAL RULING ON PLAINTIFFS' APPEAL

The Eighth Circuit has completed its review of the Follises' appeal and therefore there is no longer any reason to stay the proceedings of this Court. The Eighth Circuit

has considered and rejected the petition for panel rehearing and has issued its mandate. (Docket Nos. 60, 61.) Therefore, the Follises' first argument in opposition to the Report and Recommendation is moot.

### III. THIS COURT'S STAY ORDER DID NOT ENJOIN ANY PARTY FROM EVICTING THE FOLLISES

The Follises argue that various individuals violated this Court's Stay Order by forcibly removing the Follises and their son from their residence. They misapprehend the effect of this Court's Stay Order.

This Court construed the Follises' motion for stay as a motion for a stay of the proceedings in this Court. The motion for stay requested "a stay, or order suspending, modifying, or granting an injunction while the appeal is pending." (Docket No. 38.) The Magistrate Judge's Report and Recommendation construed this motion as a "Motion to Stay **these proceedings** pending completion" of the appeal. (Docket No. 47 at 1 (emphasis added).) It recommended "that the Plaintiffs' Motion to Stay pending the completion of their appeal to the Court of Appeals for the Eighth Circuit be granted." (*Id.* at 7.)

Consistent with the Report and Recommendation, this Court's Order of December 29, 2008, did nothing more than stay "**District Court Proceedings** . . . until such time as the United States Court of Appeals for the Eighth Circuit rules on the Plaintiffs' pending appeal." (Docket No. 49 (emphasis added).) It did not enjoin any other conduct.

The Follises have not alleged any conduct violating the terms of the Stay Order. This Court has reviewed the conduct that the Follises allege has violated this Court's Stay Order, and none of that conduct appears to violate the Stay of District Court Proceedings. (*See* Docket No. 56 at 2-3, 4.) To the extent that the Follises argue that their due process rights were violated during the eviction process, those arguments are not germane to whether this Court should lift the Stay.

Accordingly, the Court overrules the Follises' objections and adopts the Magistrate Judge's Report and Recommendation.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the plaintiffs' objections [Docket No. 56] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 4, 2009 [Docket No. 55]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's December 29, 2008, Order Staying the District Court proceedings [Docket No. 49] is **LIFTED**.

2. The parties are **DIRECTED** to contact the Magistrate Judge's chambers regarding a schedule for resolution of the motions to dismiss [Docket Nos. 19 and 26] that have been referred to the Magistrate Judge.

DATED: October 30, 2009
at Minneapolis, Minnesota.

      s/ John R. Tunheim
      JOHN R. TUNHEIM
      United States District Judge