UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. FOLLIS and<br>GEORGIA K. FOLLIS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MINNESOTA ATTORNEY<br>GENERAL, HUMAN SERVICES<br>DEPARTMENT, MILITARY AFFAIRS<br>DEPARTMENT, MORRISON COUNTY<br>HUMAN SERVICES DEPARTMENT,<br>and TODD COUNTY HUMAN<br>SERVICES DEPARTMENT,<br><br>Defendants. | Civil No. 08-1348 (JRT/RLE)<br><br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Robert L. Follis and Georgia K. Follis, 220 First Avenue South, Long Prairie, MN 56347, plaintiffs *pro se*.

Jan M. Haapala, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101-2127, for defendants Minnesota Attorney General's Office, Minnesota Department of Human Services, and Minnesota Department of Military Affairs.

James R. Andreen, **ERSTAD & RIEMER, P.A.**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425-4409, for defendants Morrison County and Todd County.

This matter is before the Court on the objections of plaintiffs Robert L. Follis and Georgia K. Follis ("the Follises") to a Report and Recommendation issued by United States Magistrate Judge Raymond L. Erickson on February 16, 2010. After a *de novo* review of those portions of the Report and Recommendation to which the Follises object,

*see* 28 U.S.C. § 636(b)(1); D. Minn. Local Rule 72.2(b), the Court overrules the objections and adopts the Report and Recommendation for the reasons set forth below.

## BACKGROUND[1]

The Follises brought this action against the Minnesota Attorney General, the Minnesota Department of Human Services, the Minnesota Department of Military Affairs (collectively, the "State defendants"), and the Human Services Departments of Morrison County and Todd County (collectively, the "county departments"). The amended complaint alleges that the Minnesota Department of Human Services and the county departments denied plaintiffs their civil rights by refusing to pay for services they rendered to their disabled adult son, in violation of 42 U.S.C. §§ 1981 and 1983, and in violation of Minn. Stat. § 256B.0625, subd. 19. (Am. Compl. ¶ 2, Docket No. 7.) The amended complaint also alleges that those defendants and their employees subjected Robert Follis to involuntary servitude. (*Id.*) The amended complaint seeks payment for the personal care assistance ("PCA") services that Robert Follis provided to the Follises' son, and states that "[t]he Armory building," where the Follises lived at the time under a contract for deed, "should be an offset part of the payment." (*Id.* ¶ 3.)

The State defendants and the county departments filed motions to dismiss the amended complaint, arguing that the Court lacks subject matter jurisdiction to consider

---

[1] The factual and procedural record of this case is detailed in the Magistrate Judge's Reports and Recommendations, (Docket Nos. 16, 47, 55, 78), and in this Court's Orders of September 4, 2008, and October 10, 2009, (Docket Nos. 30, 64). The Court here repeats only those details relevant to consideration of the Follises' objections that are currently before the Court.

the claims against the State defendants and that the Follises fail to state a claim for violation of their constitutional rights. The defendants also argue that the doctrine of claim preclusion substantially bars the Follises' claims. The county departments argue that they are not legal entities that have the capacity to be sued. (*See* Mot. to Dismiss, Docket No. 26; Mot. to Dismiss, Docket No. 67.)

In a Report and Recommendation dated February 16, 2010, the Magistrate Judge recommends that the Court grant the motions to dismiss. (Report & Recommendation, Docket No. 78.) First, the Magistrate Judge notes that Georgia Follis may not have standing in the action. (*Id.* at 9 n.3.) Second, the Magistrate Judge concludes that the State defendants are immune from suit under the Eleventh Amendment. (*Id.* at 14-19.) Third, the Magistrate Judge concludes that the county departments are not legal entities that may be sued. (*Id.* at 19-21.) Fourth, the Magistrate Judge concludes that the *Rooker-Feldman* doctrine does not bar the Follises' claims. (*Id.* at 21-25.)

The Magistrate Judge recommends that the Court dismiss the § 1983 claims against the State defendants because those defendants are not "persons" from whom damages may be recovered. (*Id.* at 26-27.) The Magistrate Judge further recommends that the Court dismiss the § 1983 claims against the county departments, concluding that even if the Court reads the amended complaint as asserting a claim against the counties themselves, rather than against the county departments, the amended complaint fails to allege facts sufficient to support a *Monell* claim. (*Id.* at 27-29.) The Magistrate Judge also recommends that the Court dismiss the § 1981 claim because the amended complaint does not allege facts from which it could be inferred that the defendants acted with

discriminatory intent in not paying the Follises PCA wage benefits. (*Id.* at 30-31.) The Magistrate Judge also concludes that the doctrine of claim preclusion bars the Follises' claims, to the extent that Robert Follis raised them in a previous state court proceeding. (*Id.* at 32-39.)

The Follises filed an "Argument Against Motion to Dismiss," which the Court construes as objections to the Report and Recommendation. (Docket No. 79.)

**ANALYSIS**

**I.     STANDARD OF REVIEW**

A party may file a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction[.]" *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Courts liberally construe *pro se* pleadings, but *pro se* complaints "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). In determining whether jurisdiction exists, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam). To survive

a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. *Id.* (internal quotation marks omitted).

## II. SUBJECT MATTER JURISDICTION

### A. Georgia Follis Does Not Have Standing.

The Report and Recommendation states that, "with respect to the claim for PCA wage benefits, the pleadings do not disclose whether [Georgia] Follis ever performed PCA services, or was denied wage benefits for those services." (Report & Recommendation at 10 n.3, Docket No. 78.) The Follises respond that Georgia Follis "performed PCA duties and helped Robert Follis perform his duties," and that she has "the right to participate to protect her interests." (Argument Against Mot. to Dismiss at 8, Docket No. 79.) The complaint, however, does not suggest that Georgia Follis is entitled to PCA wage benefits because it does not allege that she provided PCA services.

(Report & Recommendation at 10 n.3, Docket No. 78.) The amended complaint alleges that Robert Follis provided those services and alleges violations of Robert Follis' civil rights, but it does not contain any allegations about Georgia Follis or her interests:

> Plaintiff contends the county human services departments and the State Human Services Department denied **him** his civil rights by refusing to pay for services rendered to Kenneth C. Follis his adult son, that benefited said departments **to Robert Follis's detriment**. . . . The Plaintiffs contend the three human services departments and their employees deprived **him** of his Civil Rights . . . . Also under 1981 USC the denial subjected **him** to involuntary servitude.

(Am. Compl. ¶ 2, Docket No. 7 (emphases added).)

Because the amended complaint is devoid of any allegations that the defendants violated Georgia Follis' civil rights or that Georgia Follis is entitled to PCA wage benefits, Georgia Follis does not have standing to bring those claims, and the Court dismisses the amended complaint as to her. *See Brown v. Medtronic, Inc.*, 619 F. Supp. 2d 646, 652 (D. Minn. 2009) ("The Court will not re-write the Complaint . . . in order to provide [plaintiff] with standing.").

### B. The State Defendants Are Immune from Suit Under the Eleventh Amendment.

The Follises make three arguments in response to the Magistrate Judge's conclusion that the State defendants are immune from suit.

First, the Follises argue that the entity that sold them the Armory can be sued. (Argument Against Mot. to Dismiss at 5, Docket No. 79.) In particular, they argue that the National Guard, which apparently sold the Armory to the Follises, "wrote an invalid contract for the sale of the Armory by representing itself as the military department. It

should have written the contract as the State Armory Building Commission," which is an entity that can sue and be sued. (*Id.*)

The Minnesota State Armory Building Commission is not authorized to sell armories. The Minnesota legislature created the Minnesota State Armory Building Commission, as the name of that entity suggests, "[f]or the purpose of **constructing** armories." Minn. Stat. § 193.142, subd. 1 (emphasis added). It has the power "[t]o sue and be sued." *Id.* § 193.143(5). It does not, however, have the authority to sell or convey armories. *See id.* § 193.143 (describing the powers of the commission); *see also id.* § 193.36 (establishing that "the adjutant general" has authority to sell and convey state armory sites "on behalf of the state"); *id.* § 190.02 (authorizing the governor to "appoint a staff, consisting of an adjutant general and six aides-de-camp of field grade who shall be detailed from the National Guard"). The National Guard was the proper entity to sell the armory and, as discussed in the Report and Recommendation, it and the Minnesota Department of Military Affairs, of which the National Guard is a part, are immune from suit under the Eleventh Amendment in this context. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Taylor v. Jones*, 653 F.2d 1193, 1205 (8th Cir. 1981). (*See also* Report & Recommendation at 17-19, Docket No. 78.)

Second, the Follises argue that the State defendants "should not be given . . . immunity to violate their citizens['] rights in defiance of the U.S. Constitution." (Argument Against Mot. to Dismiss at 5, Docket No. 79.) As the Report and Recommendation notes, the State defendants are not entirely immune from suit – they are immune "from liability for **monetary damages** in a Section 1983 action, and in a Section

1981 action." (Report & Recommendation at 15, Docket No. 78 (emphasis added).) The amended complaint, however, seeks only monetary damages and does not request injunctive or other non-monetary relief. (*See* Am. Compl. ¶ 3, Docket No. 7.) The Report and Recommendation thoroughly explains why the Eleventh Amendment provides the State defendants with immunity against claims for money damages, including the claims the Follises raise in the amended complaint. *See Murphy*, 127 F.3d at 754. (*See also* Report & Recommendation at 14-19, Docket No. 78.)

Third, the Follises argue that the Fourteenth Amendment "was written after the 11th and should override it in regards to the Civil Rights Issues." (Argument Against Mot. to Dismiss at 6, Docket No. 79.) The Follises are correct that "the Fourteenth Amendment . . . was enacted after the Eleventh Amendment and [was] specifically designed to alter the federal-state balance." *Van Wyhe v. Reish*, 581 F.3d 639, 652 n.4 (8th Cir. 2009). Nonetheless, for the Fourteenth Amendment to trump the Eleventh Amendment, Congress must "abrogate a state's sovereign immunity through legislation enacted pursuant to its Section 5 enforcement power of the Fourteenth Amendment." *Id.* (emphasis removed). The Follises have not identified any such legislation. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) ("[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted.").

For the foregoing reasons, the Magistrate Judge correctly concluded that the State defendants are immune from suit under the Eleventh Amendment, and the Court lacks subject matter jurisdiction to hear the Follises' claims as to those defendants.

### C. The County Departments Cannot Be Sued.

The Report and Recommendation concludes that, "pursuant to Rule 17(b), Federal Rules of Civil Procedure, and Minnesota law, . . . the Todd County [Department of Human Services], and the Morrison County [Department of Human Services], are not proper parties in this action" because they are not legal entities that may be sued under Minnesota law. (Report & Recommendation at 19-21, Docket No. 78.) The Follises do not object to this conclusion, and the Court adopts it.

## III. FAILURE TO STATE A CLAIM

The Report and Recommendation offers two alternative grounds for granting the motions to dismiss: the doctrine of claim preclusion bars the majority of the Follises' claims, and the allegations in the amended complaint do not state a claim for violation of the Follises' civil rights. The Follises offer several objections.

### A. Claim Preclusion

The Report and Recommendation concludes that, to the extent that the Follises may allege claims against Morrison County and Todd County, as opposed to the county departments, the doctrine of claim preclusion bars in part the Follises' claims because Robert Follis previously litigated his entitlement to PCA wages. (Report & Recommendation at 32-39, Docket No. 78.) The Report and Recommendation states that in 2006, Robert Follis filed a claim with the Todd County Department of Human Services alleging that he was entitled to receive retroactive PCA benefits for the period from August 1, 2002, to June 6, 2005. (*Id.* at 4.) The Todd County Department of Human

Services "adjudicated [this] claim through its administrative process, and denied him wage benefits." (*Id.*) Robert Follis then "appealed that adverse decision to the Minnesota District Court in Todd County," which "affirmed the [administrative law judge's] ruling." (*Id.*) "The Court also found that [Robert] Follis was not entitled to PCA wage benefits, because he did not apply for a waiver" as required under Minnesota law. (*Id.* at 5.) The Follises represented to the Magistrate Judge that Robert Follis appealed that decision, but that the Minnesota Court of Appeals denied the application to proceed *in forma pauperis*, and he did not appeal that decision. (*Id.*)

Minnesota's claim preclusion law, which applies in these circumstances, precludes a party from raising subsequent claims in a second action when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1224 (D. Minn. 2009) (internal quotation marks omitted).

Focusing on the fourth element, the Follises make three arguments in support of their claim that the doctrine of claim preclusion should not apply where the parties did not receive a fair hearing in the prior case. (Argument Against Mot. to Dismiss at 6-7, Docket No. 79.) First, they allege that they did not receive a fair hearing in the previous litigation because the administrative proceedings lacked the "methods and procedures[] which . . . insure the fairness of the trial." (*Id.* at 6.) They argue that such administrative proceedings are inherently flawed because they involve a department of the State's

executive branch determining the validity of the actions of the department's own employees, thereby creating a conflict of interest. (*Id.*)

"[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). The Court presumes that the administrative law judge was unbiased, and the Follises have failed to rebut that presumption by "showing [a] conflict of interest or some other specific reason for disqualification." *See id.*; *see also Hammond v. Baldwin*, 866 F.2d 172, 177-78 (6th Cir. 1989). Moreover, the Follises did not raise this argument in their appeal to the state district court and in their aborted appeal to the Minnesota Court of Appeals, and they are precluded from raising it now. *See Irving v. Dormire*, 586 F.3d 645, 648-49 (8th Cir. 2009).

Second, the Follises argue that the Todd County court did not "hold a hearing impartially and with fair representation." (Argument Against Mot. to Dismiss at 7, Docket No. 79.) The Follises provide no support for this claim, and therefore they have failed to overcome the presumption that the state court was honest and impartial, and that the proceedings were fair. *See Morgan v. Goldman* (*In re Morgan*), 573 F.3d 615, 624 (8th Cir. 2009). Moreover, the Follises did not raise this argument on appeal to the Minnesota Court of Appeals. *See Irving*, 586 F.3d at 648-49.

Third, the Follises argue that they have been deprived of their right to a jury trial. (Argument Against Mot. to Dismiss at 7, Docket No. 79.) They had no right to a jury trial in the administrative proceeding or in their appeal to the state district court. *See Breimhorst v. Beckman*, 35 N.W.2d 719, 734 (Minn. 1949); *Schultz v. State*, No. C1-98-

267, 1998 WL 481896, at *2 (Minn. Ct. App. Aug. 18, 1998). Moreover, the Follises did not raise this argument on appeal. *See Irving*, 586 F.3d at 648-49.

For the foregoing reasons, the Magistrate Judge correctly concluded that the doctrine of claim preclusion bars the Follises' claims that arise out of any PCA services that Robert Follis allegedly provided to the Follises' son between August 1, 2002, and June 6, 2005.

### B. 42 U.S.C. § 1983

The Follises argue that they have stated a claim under § 1983 because the defendants received a benefit by failing to pay Robert Follis for his PCA services. (Argument Against Mot. to Dismiss at 7-8, Docket No. 79.) As the Report and Recommendation states, "[t]o the extent the Complaint and Amended Complaint can be read to assert claims against the County governments," the Follises do not make any allegations from which one "could draw the inference[] that the County Defendants acted pursuant to a policy or custom, with respect to the Plaintiffs' allegations of equal protection violations[] and involuntary servitude." (Report & Recommendation at 27-28, Docket No. 78.) Therefore, the Follises fail to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978).

The Follises do not object to the Magistrate Judge's recommendations regarding their claim under 42 U.S.C. § 1981, and therefore the Court adopts that analysis.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** the Follises' objections [Docket No. 79] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated February 16, 2010 [Docket No. 78]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss [Docket Nos. 26, 67] are **GRANTED**.

2. The Amended Complaint is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 26, 2010  
at Minneapolis, Minnesota.

                                                   s/ John R. Tunheim  
                                                   JOHN R. TUNHEIM  
                                                   United States District Judge